IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL - 6 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | 4:05 CR 00008-007 |
| | § | 4:06 CR 00001-001 |
| CEASAR H. CANTU | § | |
| | § | |

## 28 U.S.C. § 2255 MOTION TO VACATE, REMAND OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY

I, Ceasar H. Cantu, do hereby come before this Honorable Court Pro Se with this motion. I was sentenced on May 11, 2006 to 210 months by this Honorable Court without objection from attorney of record, John Weber, III, even though I had been specifically promised 120 months by him and the AUSA Anthony P. Giorno. While part of my sentence was corrected by a Rule 35 Motion it did not however remedy what I am bringing before the Court this day. My intention is not to get into a fingerpointing contest that results in nothing productive happening I seek to get a specific remedy that I was only recently made aware of as an issue due to Bureau of Prison policy and a patently ineffective attorney.

### I. TIME LIMIT EXCEPTION

According to the Federal Statute that outlines the timelines for filing a 28U.S.C.§2255 motion typically limit the Defendant to a 12 month window. This date is typically based upon the date of sentencing but the guidlines allow for a few exceptions. Most notably and applicable to this case we have 28U.S.C§2255 (f)(4) that states-
"The date on which the facts supporting the presented could have been discovered through the exercise of due diligence."
It's on this date that the 12 month timeframe is to begin. In the Bureau of Prisons, men in custody are not supposed to have a copy of their Presentence Investigative Report in their possession. I

Page 1

having never had a copy of this document in my possession to do due diligence have been truly handicaped. So, on a lark I requested a copy of it be sent to me along with my plea agreement. Frankly. I was surprised that it got through the mail system but it did and I have attached as an exhibit the envelope with the postmark. So what I am requesting the Honorable Court to do is to use this date as my start date. According to Rule 6(b) in the procedures manual Your Honor has that authority, so I respectfully request that I be granted that opportunity. I received it May 17,2012 and promptly reviewed and found errors so obvious that even one such as I, with no legal training or any real help was able to find it. I believe when Your Honor has a chance to review this motion you will see why I could have never missed this before had I chance to properly review it before.

## II. THE ERROR

So in my exercise of due diligence I found a very large glaring error that brought on a manifestly prejudicial sentence. On page 15 line 56 of the PSR it reads as follows:

"56. Base Offense Level: The United States Sentencing Guidelines     36
     for a violation of 18U.S.C.§1956(h) is found in USSG 2S1.1
     (a)(1) and calls for a base offense level of 34."

According to the USSG the level 34 is correct based upon the plea agreement. The level 36 is what was used to calculate my sentence. According to the court reporter in this case their were no objections to this clear and plain error made by my attorney. By failing to object to this clear error a manifestly unjust and prejudicial sentence was entered in my case.

## III. THE JOB OF THE DEFENSE COUNSEL

According to U.S. v. Sustaita (1F3d 950 9th Cir '93), "A criminal defendant is entitled to read and review a PSR prior to the imposiiton of a sentence in the Federal Court System, just because defense counsel stated to the court'we' twice discussed the PSR did not satisfy the requirements of Federal Rules of Criminal Procedure." Clearly, either the defense counsel did not even bother to go over

Page 2

the PSR himself much less go over it with me or was so incompetent as to have missed such a simple error that this example brings a whole new category of ineffective assistance of counsel to the Court.

So to not go over the PSR with me is clearly a violation of the Federal Rules of Criminal Procedure which creates a clear case of ineffective assistance of counsel when there is a manifest injustice that occurs. Two points made a 42 month difference in my sentence. While one extra month might not be enough to get the attention of the Court but 42 months certainly should, I pray. According to Nichols v. U.S. (75 F3d 1137 7th Cir '96), " The 7th Circuit found that the prejudice requirement of ineffective assistance claims in the context of sentencing, that defendants must show that his sentencing proceedings were unfair or unreliable due to counsels errors or omissions." It's pretty clear that a 2 point miss and the resulting 42 month addition to the sentence would meet this standard which is very reasonable.

## IV. REQUEST OF THE COURT

I am before this Court for the purpose of correcting my sentence. Even though I was promised 120 months by both the AUSA and the my attorney. which according to U.S. v. Giardino (797 F2d 30 1st Cir '86), "Trial Counsel lied to defendant to induce a guilty plea, consitutes ineffective assitance of counsel..." I am not asking this Court to start this process over from scratch. All I am requesting is that the Court correct my sentence by the 2 points which would equal 42 months. In addition, I am asking the Court to consider my Extraordinary Post Sentencing Rehabilitation. In the decision of the U.S Supreme Court in U.S. v. Peppers the District Court can consider this issue for potential downward departure. Even if this is not something this Court wishes to take action on I ask the Court use the following as a means to determine the verasity of the statements made prior in reference to my inability to do the due diligence that brought me to this point to make this motion. I am very clearly no longer the same person who came before this Court 7ce's years ago. Let me explain.

## A. CURRENT ACTIVITIES

I am one of the leaders of the START Program at SPC-Oakdale. We, along with a Corrections Officer, go out into the community and speak to kids about choices and staying out of drugs, off the streets and therefore out of jail. We go to schools and churches throughout Central Louisiana. I have attached some documentation to that effect. Our goal is to connect with these kids on a personal and practical basis so that they can see we understand the temptations they are either facing or will face so that when they come in contact with them on streets they know the consequences and are more equiped to deal with them. Our program has been very successful. There are more places that want us to come talk with them than we have the time or the system resources to go see. I have been part of the leadership team in this program for almost two years and it is a big part of who I am now. My desire is to make an on-going impact for good on this world and this program has been a huge opportunity for me to be part of the solution to the problem with our kids. 7 c.c. years ago I didn't see it or care but since God has come into my life and transformed me into the man He called me to be I can think of little else but reaching out to those who are so easily taken advantage of rescueing them before they ever reach places like this.

I also preach and teach the Gospel of Jesus Christ in the Chapel at SPC-Oakdale every other week. We have a team of developing ministers who are using this time to become the men God has called them to be through practical applications in teaching and preaching. I am also a member of our inmate choir which has been asked to sing at various functions including the recent volunteer appreciation luncheon. I also step in on Sunday mornings and teach for the "official" chapel services when the ministers from Glenmora Baptist Church cannot make it.

As one would imagine in order to do the above work I spend a great deal of my free time studying the Word of God. I have recently begun a program of study that will lead to a Theological Seminary degree. I am not sharing this information with Your Honor to brag, for that would be inconsistant with the WOrd of God. Yet, the fact remains if Your Honor doesn't know who I am anymore how can he make the best decision.

### B. PRISON WORK

While in prison I have maintained a number of progressively more responsible positions and am now the Wardens Orderly at the FDC next door to the Prison Camp (SPC). I had to be approved and selected for this job. Prior to this job I was the Commisary and Laundry Lead. I am also a member of the Suicide Companion Watch Team for the SPC and FDC.

### C. SUMMARY

In conclusion, I have not only nade very significant strides to rehabilitate myself but I am committed to helping others do the same inside and outside these prison walls. Regardless of which case Your Honor were to refer to I would qualify for a downward departure based upon extraordinary post-sentencing rehabilitation. Yet, I know it is completely discretionary on your part. So I therefore ask for grace and mercy. I understand that I made horrible choices in my past and deserve prison for those choices. All I am asking for now is your consideration of my cause and to maybe lessen the burden on my family by shortening my sentence based upon the mistake that was missed by my attorney and perhaps also the extraordinary rehabilitation.

## V. CONCLUDING STATEMENT

Your Honor, I am respectfully requesting that you grant my motion 28 U.S.C. §2255 and vacate in part the 2 levels of my sentencing points calculation and thereby reduce my sentence the 42 months as Your Honor may deem appropriate. It was a clear error. An attorney that was doing an effective job should have caught the error and objected and he did not. Due to BOP policy I was unable to do the due diligence required to find this error until now, therefore justifying the Court hearing this motion to begin with. I further request that the Court, in light of Pepper V. U.S., give whatever weight my current extraordinary rehabilitation efforts are due. I thank you in advance for your consideration of my cause and motion and I anxiously await your decision on this matter.

Page 5

Sincerely,


Ceasar H. Cantu
#39139-179
SPC-Oakdale
PO Box 5010
Oakdale, LA. 71463



Cesar Cantu 39139-179
S.P.C.
P.O. Box 5010
Oakdale La. 71463

U.S. District Court Western Virgina
P.O. Box 1400
Danville Va. 24643