# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DANVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Case No. 4:05-cr-00008-7 |
| | ) | Case No. 4:06-cr-00001-1 |
| v. | ) | |
| | ) | **§ 2255 CONDITIONAL FILING ORDER** |
| **CESAR HUERTA CANTU,** | ) | |
|     Petitioner. | ) | By:   Hon. Robert S. Ballou |
| | ) |         United States Magistrate Judge |

Cesar Huerta Cantu, a federal inmate proceeding pro se, filed an unverified motion to vacate, set aside, or correct sentence, pursuant to 28 U. S. C. § 2255.[1] Inasmuch as the petition does not conform to all requirements for prisoner habeas actions as promulgated under 28 U.S.C. § 2242 and Rule 2 of the Rules Governing Section 2255 Proceedings, it is now

**O R D E R E D**

as follows:

(1) The petitioner's incomplete § 2255 motion shall be conditionally filed pending satisfaction of the requirements set forth herein.

(2) Petitioner failed to comply with Rule 2 of the Rules Governing § 2255 Proceedings in the United States District Courts and with 28 U.S.C. § 2242. Neither petitioner, nor a person petitioner has established as a person authorized on his behalf, signed the petition under penalty of perjury. Petitioner is hereby directed to submit **within twenty (20) days from the date of this Order** a completed Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody (Motion under 28 U.S.C. § 2255) (**ENCLOSED**) signed

---

[1] The court sentenced defendant in Case Nos. 4:05cr008 and 4:06cr001 at the same sentencing hearing and utilizing a single criminal judgment directing that defendant serve the prison terms in these separate criminal cases concurrently. Defendant filed the present § 2255 motion challenging the sentences imposed in both criminal cases. The court has directed that the Clerk docket the § 2255 motion in both criminal cases. All pleadings should bear both case numbers and be filed in both criminal cases.

under penalty of perjury. Petitioner is advised that a properly executed and verified § 2255 motion will replace his prior submissions and the properly executed and verified § 2255 motion will constitute the only § 2255 motion for this action. **FAILURE TO COMPLY WITH THE CONDITIONS SET FORTH IN THIS PARAGRAPH MAY RESULT IN DISMISSAL OF THE PETITION WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH A COURT ORDER.**

(3) Once the petitioner has complied with the condition in Paragraph (2), the Clerk shall attempt service of process of the petition in the usual manner on the United States once the court issues a separate order that petitioner will also receive when issued. In the event that the court does not determine that the petition must be summarily dismissed, the United States may still present arguments that the petition should be dismissed.

(4) The United States shall file responsive pleadings within sixty (60) days of receipt of service.

(5) Following filing of responsive pleadings, petitioner has twenty-one (21) days in which to file a response and/or additional pleadings. Unless petitioner or the United States explicitly requests additional time for additional filings, the case will be considered ripe for disposition twenty-one (21) days after the filing of respondent's responsive pleadings.

(6) Petitioner shall notify the court immediately upon petitioner's transfer or release and shall provide a new address. FAILURE TO NOTIFY THE COURT OF SUCH A CHANGE WILL RESULT IN DISMISSAL OF THIS ACTION.

(7) Pursuant to a Standing Order of Court, all non-dispositive matters in this case are referred to a United States Magistrate Judge.

(8) Petitioner must include the above referenced case number in any document that petitioner

submits to the court related to this action. Petitioner's submissions should be legible, written on one side of the paper only, with at least one-inch of clear space on all sides of the page. In any document petitioner submits to the court, pursuant to General Rule 8 of the Local Rules of the United States District Court for the Western District of Virginia, petitioner must omit, black out, or abbreviate personal data identifiers as follows: social security numbers (use only the last four digits), names of minor children (use initials), dates of birth (list only the birth year), financial account numbers (list only the last four digits), and home addresses (list only city and state). Submissions that do not comply with this paragraph may be returned to petitioner without being entered by the court.

The Clerk is directed to send a certified copy of this order to petitioner.

        Entered: July 23, 2012

        */s/ Robert S. Ballou*

        Robert S. Ballou
        United States Magistrate Judge

AO 243
(Rev. 10/07 - VAW Additions 11/09)

Page 1

# Motion to Vacate, Set Aside, or Correct a Sentence
## By a Person in Federal Custody
### (Motion under 28 U.S.C. § 2255)

### Instructions

1. To use this form, you must be a person who is or will be serving a sentence under a judgment against you in a *federal* court. By using this form, you are asking for relief from the conviction or the sentence because the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

2. You must file a § 2255 form in the United States district court that entered the judgment that you are challenging. In a § 2255 motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion in the federal court that entered that judgment.

3. To ensure that your claims are given full consideration, your responses on the form must be typed or neatly written in the space provided, on one side of the paper only, with one-inch margins on all sides of the text. Carbon copies are not acceptable.

4. Answer all the questions. You do not need to cite any law. You may submit additional pages if you need more space for your answers. You may also submit a separate memorandum explaining your claims. Be sure these separate documents comply with the format explained in Paragraph 3.

5. You must tell the truth and sign and date the § 2255 form under penalty of perjury. If you make a false statement of a material fact, you may be prosecuted for perjury. Please note that photocopied or carbon copy signatures are not acceptable.

6. If you were sentenced in any division of the United States District Court for the Western District of Virginia, send your completed, original § 2255 form and any attachments to the Clerk's Office at the following address:

   Clerk's Office, United States District Court
   for the Western District of Virginia
   P.O. Box 1234
   Roanoke VA 24006

7. **CAUTION: You must include in this motion all the grounds for relief from the conviction or sentence that you challenge, and you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

8. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

Page 2

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| **United States District Court** | District | |
|---|---|---|
| Name (under which you were convicted): | | Docket or Case No.: |
| Place of Confinement: | | Prisoner No.: |
| UNITED STATES OF AMERICA  v. | Movant (include name under which you were convicted) | |

**MOTION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   (b) Criminal docket or case number (if you know):
2. (a) Date of the judgment of conviction (if you know):

   (b) Date of sentencing:
3. Length of sentence:
4. Nature of crime (all counts):

5. (a) What was your plea? (Check one)
      (1)   Not guilty ❑         (2)   Guilty ❑         (3)   Nolo contendere (no contest) ❑
   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)      Jury ❑      Judge only ❑

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ❑     No ❑
8. Did you appeal from the judgment of conviction?     Yes ❑     No ❑
9. If you did appeal, answer the following:
   (a) Name of court:
   (b) Docket or case number (if you know):
   (c) Result:
   (d) Date of result (if you know):
   (e) Citation to the case (if you know):
   (f) Grounds raised:




   (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ❑     No ❑
       If "Yes," answer the following:
       (1) Docket or case number (if you know):
       (2) Result:

       (3) Date of result (if you know):
       (4) Citation to the case (if you know):
       (5) Grounds raised:




10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ❑     No ❑
11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court:
        (2) Docket or case number (if you know):
        (3) Date of filing (if you know):

Page 4

  (4) Nature of the proceeding:

  (5) Grounds raised:

  (6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ❏ No ❏

  (7) Result:

  (8) Date of result (if you know):

 (b) If you filed any second motion, petition, or application, give the same information:

  (1) Name of court:

  (2) Docket or case number (if you know):

  (3) Date of filing (if you know):

  (4) Nature of the proceeding:

  (5) Grounds raised:

  (6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ❏ No ❏

  (7) Result:

  (8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

  (1) First petition: Yes ❏ No ❏

  (2) Second petition: Yes ❏ No ❏

Page 5

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground One:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ❑   No ❑
   (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ❑  No ❑
   (2) If your answer to Question (c)(1) is "Yes," state:
   Type of motion or petition:
   Name and location of the court where the motion or petition was filed:

Page 6

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND TWO**:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ❑  No ❑
    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ❑  No ❑
    (2) If your answer to Question (c)(1) is "Yes," state:
Type of motion or petition:
Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):
Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

   Yes ❏   No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❏   No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❏   No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR**:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

   (b) **Direct Appeal of Ground Four:**

      (1) If you appealed from the judgment of conviction, did you raise this issue?

         Yes ❏   No ❏

      (2) If you did not raise this issue in your direct appeal, explain why:

   (c) **Post-Conviction Proceedings:**

      (1) Did you raise this issue in any post-conviction motion, petition, or application?

         Yes ❏   No ❏

      (2) If your answer to Question (c)(1) is "Yes," state:

      Type of motion or petition:

      Name and location of the court where the motion or petition was filed:

      Docket or case number (if you know):

      Date of the court's decision:

      Result (attach a copy of the court's opinion or order, if available):

      (3) Did you receive a hearing on your motion, petition, or application?

         Yes ❏   No ❏

      (4) Did you appeal from the denial of your motion, petition, or application?

         Yes ❏   No ❏

      (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

         Yes ❏   No ❏

      (6) If your answer to Question (c)(4) is "Yes," state:

      Name and location of the court where the appeal was filed:

      Docket or case number (if you know):

      Date of the court's decision:

      Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?     Yes ❑   No ❑
    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
    (a) At preliminary hearing:

    (b) At arraignment and plea:

    (c) At trial:

    (d) At sentencing:

Page 12

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ❑ No ❑
17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ❑ No ❑
    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:
    (c) Give the length of the other sentence:
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ❑   No ❑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief:

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.