

**U.S. Department of Justice**
Federal Bureau of Prisons

# Program Statement

**OPI:** OGC
**NUMBER:** 1351.05
**DATE:** 9/19/2002
**SUBJECT:** Release of Information

PART ONE: **[GENERAL PROVISIONS AND PROCEDURES]**

1. **[PURPOSE AND SCOPE § 513.30. This subpart establishes procedures for the release of requested records in possession of the Federal Bureau of Prisons ("Bureau"). It is intended to implement provisions of the Freedom of Information Act (FOIA), 5 U.S.C. 552, and the Privacy Act, 5 U.S.C. 552a, and to supplement Department of Justice (DOJ) regulations concerning the production or disclosure of records or information, 28 CFR part 16.]**

The Freedom of Information Act (FOIA) and the Privacy Act (PA) interact with each other in two areas:

- When any person requests access to records about himself or herself, both statutes become potentially applicable;

- When any person requests access to another individual's record through the FOIA, the Privacy Act may prohibit the disclosure of that record unless FOIA requires it.

The determination of what information may be released requires Bureau staff to have a basic understanding of both the FOIA and the Privacy Act, as well as a working knowledge of DOJ and Bureau policy. Bureau staff also should be aware that the Privacy Act establishes criminal penalties and civil liabilities for unauthorized disclosures. The appropriate Regional Counsel shall be contacted when staff are uncertain whether requested information may be disclosed.

Staff shall become familiar with the policy governing release of information, with special emphasis upon those areas with direct application to the employee's job.

Information requests submitted by the union pursuant to 5 U.S.C. § 7114 will be addressed in accordance with this provision and relevant case law.

**[Bold Type - Rules]**
Regular Type - Implementing Information

This Program Statement is divided into four major parts:

| Part | Page |
|------|------|
| General Provisions and Procedures | 1 |
| Inmate Requests to Institution for Information | 12 |
| Privacy Act Requests for Information | 21 |
| Freedom of Information Act Requests for Information | 25 |

2.  **SUMMARY OF CHANGES.**  This Program Statement is being revised to prohibit inmates from obtaining and possessing photocopies of their Pre-sentence Reports (PSR) and the Statement of Reasons (SOR) from their Judgment(s) in a Criminal Case.  The purpose of this prohibition is to protect inmates from being coerced by other inmates to produce their PSRs and SORs for illicit purposes.  Inmates will be permitted to review their PSRs and SORs, but cannot obtain or possess photocopies.  This revision also introduces a new form which inmates can use to facilitate court review of their PSRs or SORs.

If local procedures are changed, notification to the union and training will be handled in accordance with the Master Agreement.

3.  **PROGRAM OBJECTIVES.**  The expected results of this program are:

   a.  Information will be released to a requester in accordance with Federal law and the regulations and policies of the U.S. Department of Justice.

   b.  Inmate Freedom of Information Act requests to the Central Office will be reduced by increasing the use of institution procedures that provide for inmate review of Bureau policy documents and records in Inmate Central Files.

   c.  Future litigation pertaining to FOIA/Privacy Act issues will be reduced.

4.  **DIRECTIVES AFFECTED**

   a.  **Directive Rescinded**

      PS 1351.04     Release of Information (12/5/96)

   b.  **Directives Referenced**

      PS 1330.13     Administrative Remedy Program (12/22/95)
      PS 1480.05     Contacts with News Media (9/21/00)
      PS 5070.10     Judicial Recommendations and U.S. Attorney Reports, Responses to (6/30/97)

PS 5270.07        Inmate Discipline and Special Housing Units
                  (12/29/87)
PS 5310.12        Psychology Services Manual (8/13/93)
PS 5800.10        Mail Management Manual (11/3/95)
PS 5800.11        Inmate Central File, Privacy Folder and
                  Parole Mini- Files (9/8/97)
PS 6000.05        Health Services Manual (9/15/96)

Public Information Officer's Handbook (1994)

c.  Bureau rules cited in this Program Statement are contained in 28 CFR 513.30 through 68.

d.  Other rules referenced in this Program Statement are contained in 5 CFR part 297 and 28 CFR parts 16 and 301.

e.  United States Code sections cited in this Program Statement are contained in 5 U.S.C. 301, 552 and 552a; 13 U.S.C.; 18 U.S.C. 3621, 3622, 3624, 4001, 4042, 4081, 4082, 5006, 5024; 28 U.S.C. 509, 510; and 31 U.S.C. 3711(f).

f.  Privacy Act Issuances, 1991 Comp., Volume II.

g.  <u>United States Department of Justice et al. v. Julian et al</u>., 108 S.Ct. 1606 (1988).

5.  **STANDARDS REFERENCED**

a.  American Correctional Association 3rd Edition Standards for Adult Correctional Institutions:  3-4020, 3-4095, and 3-4096

b.  American Correctional Association 3rd Edition Standards for Adult Local Detention Facilities:  3-ALDF-1E-04, 1E-05

c.  American Correctional Association 2nd Edition Standards for Administration of Correctional Agencies:  2-CO-1E-06, 1E-07, and 1E-08

6.  **[<u>LIMITATIONS</u> § 513.31**

**a.  <u>Social Security Numbers</u>.  As of September 27, 1975, Social Security Numbers may not be used in their entirety as a method of identification for any Bureau record system, unless such use is authorized by statute or by regulation adopted prior to January 1, 1975.**

**b.  <u>Employee Records</u>.  Access and amendment of employee personnel records under the Privacy Act are governed by Office of Personnel Management regulations published in 5 CFR part 297 and by Department of Justice regulations published in 28 CFR part 16.]**

7.   [<u>GUIDELINES FOR DISCLOSURE</u> § 513.32]

   a. **[The Bureau provides for the disclosure of agency
information pursuant to applicable laws, e.g. the Freedom of
Information Act (5 U.S.C. 552), and the Privacy Act
(5 U.S.C. 552a).]**

   b.  Pursuant to 28 CFR part 16, the authority to release or
deny access to records and information is limited to the Director
or his or her designee.

   c.  Bureau staff shall release a Bureau record in response to a
request made in accordance with this rule, unless a valid legal
exemption to disclosure is asserted.

- Bureau staff may assert any applicable exemption to
disclosure which is provided under the FOIA in
5 U.S.C. § 552(b) or under the Privacy Act in
5 U.S.C. § 552a.

- For a listing of general FOIA Exemptions, see the
**Exemptions to Disclosure Provided in the Freedom of
Information Act (Attachment A).**

- For a listing of Bureau systems of records which the
Attorney General has exempted from access and
disclosure under the Privacy Act, see 28 CFR 16.97.

Questions regarding the applicability of exemptions may be
referred to the appropriate Regional Counsel or to the Office of
General Counsel.

   d.  Examples of documents or information which ordinarily may
be withheld from disclosure include the examples which follow.
These examples are not intended to represent an all-inclusive
list of every situation when FOIA exemptions may apply, nor are
the FOIA exemptions cited for each example the only ones which
may apply to the examples provided.

   (1)  Documents or information which could reasonably be
expected to constitute an unwarranted invasion of personal
privacy, i.e. information that is not "public information."

- For the applicable FOIA exemptions, see Exemptions 6
and 7 in Attachment A.

- Information concerning an individual inmate is not
generally available to FOIA requesters unless the
inmate whose records are being sought has given a
written consent to the disclosure or unless the

information has been determined to constitute "public information."  For guidance on what constitutes "public information," see **Public Information (Attachment B).**

- Requests by one inmate for public information concerning other inmates must be reviewed very carefully, as prison security concerns may outweigh the right to a FOIA disclosure.

- A denial of such public information to an inmate requester may be done only with the Regional Counsel's approval, after assessing the risks that disclosure might pose to the safety of the inmate(s) whose records are being sought and to other inmates and staff in the institution.  See Section 7.d.(2), below.  A high risk of gang-related prison violence is an example of a prison security concern which might justify the withholding of public information about one inmate to another inmate while in custody.

(2)  Documents or information which would reveal sources of information obtained through a legitimate expectation of confidentiality or which would otherwise endanger the life or physical safety of any person.

- For the applicable FOIA exemptions, see Exemptions 6 and 7 in Attachment A.

- An example is a statement of an inmate witness made in the context of a current or a completed disciplinary, criminal, or accident investigation.  This statement shall not be disclosed to another inmate if such disclosure would endanger the inmate witness.

(3)  Documents or information which could disrupt an inmate's institutional program due to the diagnostic or evaluative opinions contained in the document, and which would likely provoke adjustment difficulties or aggravate existing adjustment difficulties.

- For the applicable FOIA exemptions, see Exemptions 5 and 6 in Attachment A.

(4)  Documents or information which would interfere with ongoing law enforcement proceedings, including administrative investigations.

- For the applicable FOIA exemptions, see Exemptions 5 and 7 in Attachment A.

- While certain investigative information might be disclosed **after** an administrative investigation is completed, particular care must be exercised regarding disclosure during the course of the investigation. Even after the investigation is completed, personal safety and prison security concerns may outweigh the right to a FOIA disclosure.

- Only the institution staff member the Warden designates as the institution's Public Information Officer is authorized to make public statements regarding any investigation.  For further guidance, see the Program Statement on Contacts with the News Media and the Public Information Officer's Handbook.

Questions regarding criminal prosecutions, such as the status of a case, shall be referred to the appropriate U.S. Attorney.

(5)  Documents or information which, through disclosure of law enforcement techniques, information, or procedures, could reasonably be expected to enable the requester to violate a law, or to threaten the security of a Bureau institution or the safety of any person.

- For the applicable FOIA exemptions, see Exemptions 2 and 7 in Attachment A.

- Some Program Statements and Operations Memoranda, and other documents such as post orders, construction diagrams, etc., may be exempted because disclosing them would pose a threat to institutional security.  This may also apply to information contained in investigations and other Bureau reports where law enforcement techniques are described.

8.  [**PRODUCTION OF RECORDS IN COURT** § 513.33.  **Bureau records are often sought by subpoena, court order, or other court demand, in connection with court proceedings.  The Attorney General has directed that these records may not be produced in court without the approval of the Attorney General or his or her designee.  The guidelines are set forth in 28 CFR part 16, subpart B.]**

Bureau staff who receive such demands shall consult with their Regional Counsel or the Office of General Counsel for advice regarding proper handling of the demand.

9.  [**PROTECTION OF INDIVIDUAL PRIVACY - DISCLOSURE OF RECORDS TO THIRD PARTIES** § 513.34.]  Bureau employees must carefully maintain and process all information concerning individuals to ensure that information is accurate, relevant, and timely, and to ensure that no inadvertent disclosure of information is made.

**[a. Information that concerns an individual and is contained in a system of records maintained by the Bureau shall not be disclosed to any person, or to another agency, except under the provisions of the Privacy Act, 5 U.S.C. 552a, or the Freedom of Information Act, 5 U.S.C. 552, and Departmental regulations.]**

Staff may disclose information from a Bureau system of records only if one or more of the following criteria apply:

(1) With the written consent of the individual to whom the record pertains.  The Release of Information Consent form (BP-S192.013) may be used;

(2) To employees of the DOJ who have a need for the record in the performance of their duties;

(3) If disclosure is permitted under the FOIA, 5 U.S.C. § 552, e.g. "public information", when the public interest in disclosure of the information outweighs the privacy interest involved;

- For guidance on what constitutes "public information," see Attachment B.

(4) For a **routine use** described in the DOJ "Notice of Record System" for the system of records which contains the information, as published in the Federal Register.

- For a list of the Bureau's systems of records that have been published in the Federal Register, see the **Bureau Systems of Records (Attachment C),** as updated in BOPDOCS.

- The published notices for these systems describe the records contained in each system and the routine uses for disclosing these records without obtaining the consent of the person to whom the records pertain.  For copies of the published systems notices, see BOPDOCS and/or contact the FOIA/PA section of the Office of General Counsel.

A **list of routine uses** for records contained in the Inmate Central File is also contained in the Program Statement concerning Central File, Privacy Folder, and Parole Mini-Files.

Routine uses for Bureau systems of records may include the following:

(a) To Federal, state, local and foreign law enforcement officials for law enforcement purposes such as investigations, possible criminal prosecutions, civil court actions, or administrative and regulatory proceedings.

PS 1351.05
9/19/2002
Page 8

**Law Enforcement requests for telephone monitoring information:**

- For telephone monitoring information concerning inmate telephone calls, ordinarily only transactional data (e.g. date, time, duration of the call) shall be disclosed without proper process, even to other DOJ law enforcement agencies.

- Copies of the recorded telephone conversations, or written transcripts, shall only be disclosed to a requesting law enforcement agency when:

    (1)  requested in an emergency situation;

    (2)  criminal activity is discovered as part of the routine monitoring for prison administration purposes; or

    (3)  requested through proper process (e.g. grand jury subpoena, administrative subpoena).

- All requests by law enforcement agencies for access to recordings of inmate telephone conversations shall be referred to Regional Counsel.

(b)  To the Bureau of the Census for purposes of planning or carrying out a census or survey or related activity pursuant to the provisions of Title 13, United States Code;

(c)  To a recipient who has provided the Bureau with advance adequate written assurance that the record will be used solely as a statistical research or reporting record, and the record is to be transferred in a form that is not individually identifiable;

(d)  To the National Archives and Records Administration (NARA) as a record which has sufficient historical or other value to warrant its continued preservation by the U.S. Government, or for evaluation by the Administrator of the General Services Administration or his or her designee to determine whether the record has such value;

(e)  To either House of the U.S. Congress, or, to the extent of a matter within its jurisdiction, any Congressional committee or subcommittee, any joint committee of Congress or subcommittee of any such joint committee;

**Congressional requests on behalf of constituents for information about inmates:**

- Responses to individual members of Congress requesting information on behalf of a constituent are limited to public information unless staff have first obtained the inmate's express or implied consent to provide a fuller response.

- Written consent from the inmate shall be obtained when practical, using the form BP-S192.013.  When this is not practical, staff should consider whether there is implied consent by the inmate.  An example of implied consent is a Congressional inquiry which resulted from a letter the inmate sent to the member of Congress and this letter is included with the request from the member of Congress.

- Implied consent may not be inferred when a third party (for example, the inmate's spouse or parents) initiated the Congressional request for information.  In such a situation, only public information (see Attachment B) may be released to the member of Congress without the inmate's written consent.

Questions regarding appropriate responses to Congressional inquiries shall be directed to the appropriate Regional Counsel or to staff in the FOIA/PA Section of the Office of General Counsel.

(f)  Pursuant to an order of a court of competent jurisdiction;

(g)  To a requester from appropriate state offices (e.g., state department of corrections, parole board, attorney general) seeking access to records concerning state inmates in Bureau custody.

- Although state inmates are confined in Bureau institutions, they remain state prisoners.  A state inmate may receive periodic visits from state correctional and parole officials to review and evaluate his or her status, parole eligibility, and release readiness.  To accomplish those purposes, state officials require access to the files of state inmates.

- Wardens shall ensure that officials of such state offices, who need to review the records, are provided, upon request, access to the complete record of a state inmate in a Bureau institution.

(5) **Records Concerning Former Youth Corrections Act (YCA) Inmates.** Information on former YCA inmates, including the fact that the person has been confined, shall not be released without Regional Counsel review to determine whether the conviction has been expunged and whether disclosure is appropriate.

**[b. Lists of Bureau inmates shall not be disclosed.]**

Any request for such lists shall be forwarded to the Office of General Counsel, Central Office.

c. A list of Bureau employees may be generally releasable. Questions shall be directed to the appropriate Regional Counsel or to the FOIA/PA Section of the Office of General Counsel.

10. **[ACCOUNTING/NONACCOUNTING OF DISCLOSURES TO THIRD PARTIES § 513.35. Accounting/nonaccounting of disclosures to third parties shall be made in accordance with Department of Justice regulations contained in 28 CFR 16.52.]**

Except for disclosures of information to other DOJ employees, and all components thereof, and except for disclosures required under the FOIA (e.g., public information, as listed on Attachment B), an accounting of disclosures to third parties of any information concerning an individual contained in a Bureau system of records will be made in accordance with the following guidelines:

a. **Oral Disclosure**

(1) Staff may orally release only public information. When public information is thus disclosed, no accounting is necessary.

- Only in an emergency shall staff orally release non-public information to parties other than DOJ employees.

- Before such an emergency oral disclosure is made, staff shall contact Regional Counsel or the FOIA/PA Administrator. If this is not possible, staff shall inform the Regional Counsel, or the FOIA/PA Administrator at the Central Office as soon as practicable after the disclosure.

(2) Upon oral disclosure of non-public information, a memorandum shall be prepared and retained in the file from which the record is disclosed, or an appropriate notation shall be maintained in the file, attached to the record disclosed.

PS 1351.05
9/19/2002
Page 11

This memorandum or notation shall include the following information:

- the date of the disclosure,
- the name and address of the person to whom the record was disclosed and the name of the agency that person represents, if any,
- the purpose of the request for disclosure; and
- identification of the specific record disclosed.

For a form designed to assist staff receiving an oral request for information, see the Record Of Information Release form (BP-S171.013).

b. **Written Disclosures.** Accounting for a written disclosure may be made by:

(1) Retaining a copy of the correspondence requesting the information and a copy of the response in the file from which the records are disclosed;

(2) Following the procedure for an accounting of an oral disclosure, as described in Section 10.a., above; or

(3) Developing another method if the method provides, at a minimum, the following information:

- the date of the disclosure;
- the name and address of the person to whom the record was disclosed and the agency that person represents, if any;
- the purpose of the request for disclosure; and
- a general description of the specific record disclosed.

c. **Disclosure Record Maintenance.** It is the responsibility of the staff member making a disclosure of non-public information to provide an accurate accounting of that disclosure.

- Accounting records of the disclosure of non-public information shall be maintained for five years or until the record is destroyed, whichever is longer, and will be placed in the privacy folder.

- When records are transferred to the NARA for storage, the disclosure accounting pertaining to those records, other than correspondence, shall be transferred with the records themselves.

- An exemption under 5 U.S.C. § 552a(j) **does not** relieve the Bureau from the responsibility to account for all disclosures other than those within the DOJ or under the FOIA.

11.  [<u>GOVERNMENT CONTRACTORS</u> § 513.36

   a.  No Bureau component may contract for the operation of a
record system by or on behalf of the Bureau without the express
written approval of the Director or the Director's designee.

   b.  Any contract which is approved shall contain the standard
contract requirements promulgated by the General Services
Administration (GSA) to ensure compliance with the requirements
imposed by the Privacy Act.  The contracting component shall have
the responsibility to ensure that the contractor complies with
the contract requirements relating to privacy.


        <u>PART TWO</u>: [<u>INMATE REQUESTS TO INSTITUTION FOR INFORMATION</u>]

12.  [<u>INMATE ACCESS TO INMATE CENTRAL FILE</u> § 513.40.  Inmates are
encouraged to use the simple access procedures described in this
section to review disclosable records maintained in his or her
Inmate Central File, rather than the FOIA procedures described in
§§ 513.60 through 513.68 of this subpart.  Disclosable records in
the Inmate Central File include, but are not limited to,
documents relating to the inmate's sentence, detainer,
participation in Bureau programs such as the Inmate Financial
Responsibility Program, classification data, parole information,
mail, visits, property, conduct, work, release processing, and
general correspondence.  This information is available without
filing a FOIA request.  If any information]** (in the disclosable
section) **[is withheld from the inmate, staff will provide the
inmate with a general description of that information and also
will notify the inmate that he or she may file a FOIA request.

   a.  <u>Inmate Review of His or Her Inmate Central File</u>.  An inmate
may at any time request to review all disclosable portions of his
or her Inmate Central File by submitting a request to a staff
member designated by the Warden.  Staff are to acknowledge the
request and schedule the inmate, as promptly as is practical, for
a review of the file at a time which will not disrupt institution
operations.]

   Further guidance is contained in the Program Statement on
Central File, Privacy Folder, and Parole Mini-Files.

   When an inmate makes a request to institution staff to review
his or her Inmate Central File, he or she shall be advised to
make arrangements pursuant to local procedures.

   •    Because local processing reduces unnecessary FOIA
        requests, staff shall advise an inmate to make a
        request for Inmate Central File records to the FOIA/PA
        Section of the Office of General Counsel **only** when the
        inmate wishes to review exempt information.

- Staff shall not discuss with the inmate the types or nature of nondisclosable documents maintained in his or her Privacy Folder.

Before any document in the Inmate Central File is disclosed to the inmate to whom the documents pertain, or to a third party with the prior written consent of the inmate, the following review shall take place:

(1) **Bureau Documents**. If the document is a Bureau document (generated by Bureau staff) and is not a court-ordered study, staff are to determine whether the document should be withheld from disclosure under Section 7 of this Program Statement and further guidance set forth below.

- Staff shall place in the inmate's Privacy Folder any document that is to be withheld from disclosure.

- Staff shall place all other documents in the disclosable portion of the Inmate Central File, which is all of the Inmate Central File except for the Privacy Folder.

Guidelines for some specific Bureau documents are provided below:

(a) **Progress Reports**. All Progress Reports prepared:

- After October 15, 1974, are subject to release and are to be placed in the disclosable section of the Inmate Central File.

- Between February 15 and October 15, 1974, are subject to release except for the recommendation section, which shall be reviewed for disclosure in accord with Section 7 of this Program Statement.

- Before February 15, 1974, shall be reviewed for disclosure in accord with Section 7 of this Program Statement.

(b) **Psychiatric Reports**

- A psychiatric report written at the request of the U.S. Parole Commission is subject to release and shall be placed in the disclosable section of the Inmate Central File. This report should be written in non-technical language so that it can be understood by non-professionals.

- Other psychiatric, psychological, or evaluative reports Bureau staff prepared may also be made available to the U.S. Parole Commission and shall be inserted in the Privacy Folder.  A summary of the document must be placed in the Inmate Central File.  The summary may be placed in the Progress Report prepared in connection with the inmate's parole hearing.  The summary shall be sufficiently detailed to permit the inmate to respond, at the Parole Hearing, to the substance of the withheld information.

(c)  **Medical Records.**  See Section 14 of this Program Statement.

(d)  **Discipline Records.**  Discipline records, such as Unit Discipline Committee (UDC) and Discipline Hearing Officer (DHO) packets (including the UDC/DHO report, incident report, notice of hearing, list of inmate rights at UDC/DHO hearing, notice of placement in Administrative Detention, and investigative memoranda), shall be maintained together in the Privacy Folder only if a portion of an investigation or other discipline record contains non-disclosable materials.  Copies of all releasable documents shall be placed together in the disclosable section of the Inmate Central File.

(2)  **Non-Bureau Documents**

(a)  **FBI/National Crime Information Center (NCIC) Information.**  The NCIC prohibits the Bureau from disclosing NCIC identification records to an inmate.

Procedures for an inmate to request a copy of his or her FBI/NCIC identification record directly from the FBI are contained in 28 CFR 513.10 through 513.12.

(b)  **Documents from Other Federal Agencies.**  If a document originates in another Federal agency (including other components of the Department of Justice), it shall be placed in the Privacy Folder, except as provided in section 12, first paragraph (28 CFR 513.40).

When a request for records includes a document from another Federal agency, the document shall be referred to the originating Federal agency for a determination of its releasability (see Attachment D for a suggested format to request disclosure instructions from the originating agency).  For documents originating from Federal courts or probation offices, see subsection (d) below.

(c)  **Documents from Non-Federal Agencies.**  If a document has been received from a source outside the Federal government (e.g., a state agency), it shall be placed in the Privacy Folder, except as provided in section 12, first paragraph (28 CFR 513.40).

When a request for records includes a document from a non-Federal agency, Bureau staff must make a determination of its releasability in consultation with the non-Federal organization (see Attachment D).  If the originating non-Federal agency recommends non-disclosure, and Bureau staff determine that non-disclosure is appropriate under 28 CFR 513.32, staff shall document the rationale for non-disclosure and place the document in the Privacy Folder.

(d)  **Documents from Federal Courts and Probation Offices**

(1)  **Federal Presentence Reports (PSR) and Statements of Reasons (SOR) from Judgments in Criminal Cases.  For safety and security reasons, inmates are prohibited from obtaining or possessing photocopies of their PSRs, SORs, or other equivalent non-U.S. Code sentencing documents (e.g., D.C., state, foreign, military, etc.).**  Inmates violating this provision are subject to disciplinary action.

This prohibition applies only to the SOR portion of an inmate's Judgment in a Criminal Case.  The rest of the Judgment document remains releasable unless circumstances or policy dictate otherwise.  PSRs and SORs received by mail will be treated as contraband, and handled according to the Mail Management Manual.

This prohibition does not apply to inmates in Bureau of Prisons custody with a need to review their PSRs prior to sentencing.  For example, a pretrial inmate scheduled for sentencing may possess and review the PSR in preparation for sentencing.  After sentencing, however, the inmate is prohibited from retaining a copy of the PSR.

The Bureau implemented this policy for the following reasons.

- Many PSRs and SORs contain information regarding the inmates' government assistance, financial resources, community affiliations, etc.

- The Bureau has documented an emerging problem where inmates pressure other inmates for a copy of their PSRs and SORs to learn if they are informants, gang members, have financial resources, etc.

■    Inmates who refuse to provide the documents
are threatened, assaulted, and/or seek
protective custody.  Likewise, inmates
providing PSRs and SORs containing harmful
information are faced with the same risks of
harm.

Inmates needing a copy of their PSRs or SORs for filing
as an attachment in a court case may obtain, complete, and submit
to the court an Inmate Request For Certification or Judicial
Notice of Pre-sentence Report and/or Statement of Reasons form
(BP-S757.013).  The form, which includes instructions for
completion, must be available to inmates in the housing units and
law libraries.

Although prohibited from obtaining or possessing
photocopies, federal inmates are entitled under the FOIA to
access their own PSRs (see United States Department of Justice v.
Julian, 486 U.S. 1 (1988)) and SORs.  Inmates must be provided
reasonable opportunities to access and review their PSRs, SORs,
or other equivalent non-U.S. Code sentencing documents (e.g.,
D.C., state, foreign, military, etc.).  Inmates are responsible
for requesting an opportunity to access and review these records
with unit staff in accordance with the Program Statement on
Inmate Central File, Privacy Folder, and Parole Mini-Files. **To
facilitate inmate access and review, PSRs and SORs should
ordinarily be maintained in the disclosable portion of the
central file unless significant safety and security concerns
dictate otherwise.**

In addition to the above procedures, other provisions
of the FOIA may require limiting inmate access to PSRs and SORs.
Third party requests for inmate PSRs and SORs should be handled
according to Section 29 of this Program Statement.

Staff must maintain PSRs as follows:

●    A PSR prepared **on or after December 1, 1975,**
is to be placed in the disclosable portion of
the Inmate Central File.

●    A PSR prepared **before December 1, 1975,** is to
be returned to the sentencing court with a
cover letter indicating that the PSR is being
returned based on the Supreme Court's
decision in Julian and the fact that the PSR
was not prepared with the expectation of
release.  No copy of the returned PSR is to
be maintained at the institution, although
relevant material from the PSR may be
incorporated into other documents.

- Documents which the sentencing court has sealed or otherwise labeled as not disclosable to the inmate must be placed in the privacy folder.  Questions regarding such documents should be referred to the Regional Counsel.

(2) **Documents Other than Federal PSIs.**  Generally, documents originating in a Federal court or probation office shall be placed in the Privacy Folder if the documents are clearly marked to indicate that disclosure to the inmate is unadvisable.  Other documents, such as a court-ordered study the Bureau prepared, shall be referred to the requesting court for that court's instructions as to disclosure.  A copy of the document shall be maintained in the Privacy Folder until a final determination is made regarding its disclosure.

When Bureau staff reclassify a document from non-disclosable to disclosable, subsequent to any information request encompassing that document, staff shall place the reclassified document in the disclosable section of the Inmate Central File.

**[b.  <u>Procedures for Inmate Review of His or Her Inmate Central File</u>.**

**(1)  Prior to the inmate's review of the file, staff are to remove the Privacy Folder which contains documents withheld from disclosure pursuant to § 513.32.**

**(2)  During the file review, the inmate is to be under direct and constant supervision by staff.  The staff member monitoring the review shall enter the date of the inmate's file review on the Inmate Activity Record and initial the entry. Staff shall ask the inmate to initial the entry also, and if the inmate refuses to do so, shall enter a notation to that effect.**

**(3)  Staff shall advise the inmate if there are documents withheld from disclosure and, if so, shall advise the inmate of the inmate's right under the provisions of § 513.61 to make a FOIA request for the withheld documents.]**

28 CFR 513.32 refers to Section 7 of this Program Statement.
28 CFR 513.61 refers to Section 27 of this Program Statement.
The Inmate Activity Record refers to form BP-381.

**13.  [<u>INMATE ACCESS TO INMATE CENTRAL FILE IN CONNECTION WITH PAROLE HEARINGS</u> § 513.41.  A parole-eligible inmate (an inmate who is currently serving a sentence for an offense committed prior to November 1, 1987) may review disclosable portions of the Inmate Central File prior to the inmate's parole hearing, under the general procedures set forth in § 513.40.  In addition, the following guidelines apply:]**

28 CFR 513.40 refers to Section 12 of this Program Statement.

[a.  A parole-eligible inmate may request to review his or her Inmate Central File by submitting the appropriate Parole Commission form.  This form ordinarily shall be available to each eligible inmate within five work days after a list of eligible inmates is prepared.

b.  Bureau staff ordinarily shall schedule an eligible inmate for a requested Inmate Central File review within seven work days of the request after the inmate has been scheduled for a parole hearing.  A reasonable extension of time is permitted for documents which have been provided (prior to the inmate's request) to originating agencies for clearance, or which are otherwise not available at the institution.

c.  A report received from another agency which is determined to be nondisclosable (see § 513.40 (b)) will be summarized by that agency, in accordance with Parole Commission regulations. Bureau staff shall place the summary in the appropriate disclosable section of the Inmate Central File.  The original report (or portion which is summarized in another document) will be placed in the portion of the Privacy File for Joint Use by the Bureau and the Parole Commission.

d.  Bureau documents which are determined to be nondisclosable to the inmate will be summarized for the inmate's review.  A copy of the summary will be placed in the disclosable section of the Inmate Central File.  The document from which the summary is taken will be placed in the Joint Use Section of the Privacy Folder.  Nondisclosable documents not summarized for the inmate's review are not available to the Parole Commission and are placed in a nondisclosable section of the Inmate Central File.

e.  When no response regarding disclosure has been received from an originating agency in time for inmate review prior to the parole hearing, Bureau staff are to inform the Parole Commission Hearing Examiner.]

14.  [INMATE ACCESS TO MEDICAL RECORDS § 513.42

a.  Except for the limitations of paragraphs (c) and (d) of this section, an inmate may review records from his or her medical file (including dental records) by submitting a request to a staff member designated by the Warden.]

Disclosable Bureau medical records include the following:

- Medical and Related Data Sheets (BP-8), although this form has been discontinued, older files may still contain such records),
- Report of Medical History (SF-93 or BP-360),

- Report of Medical Examination (SF-88),
- Doctor's Orders (SF-508), and
- Medication Sheets (such as Medications and Treatments, PHS Form 2128, Supplement to SF-510).

[b.  **Laboratory Reports which contain only scientific testing results and which contain no staff evaluation or opinion (such as Standard Form 514A, Urinalysis) are ordinarily disclosable.  Lab results of HIV testing may be reviewed by the inmate.  However, an inmate may not retain a copy of his or her test results while the inmate is confined in a Bureau facility or a Community Corrections Center.  A copy of an inmate's HIV test results may be forwarded to a third party outside the institution and chosen by the inmate, provided that the inmate gives written authorization for the disclosure.**

c.  **Medical records containing subjective evaluations and opinions of medical staff relating to the inmate's care and treatment will be provided to the inmate only after the staff review required by paragraph (d) of this section.  These records include, but are not limited to, outpatient notes, consultation reports, narrative summaries or reports by a specialist, operative reports by the physician, summaries by specialists as the result of laboratory analysis, or in-patient progress reports.**

d.  **Prior to release to the inmate, records described in paragraph (c) of this section shall be reviewed by staff to determine if the release of this information would present a harm to either the inmate or other individuals.  Any records determined not to present a harm will be released to the inmate at the conclusion of the review by staff.  If any records are determined by staff not to be releasable based upon the presence of harm, the inmate will be so advised in writing and provided the address of the agency component to which the inmate may address a formal request for the withheld records.  An accounting of any medical records will be maintained in the inmate's medical file.]**

Release, review, and accounting of disclosures to inmates and former inmates shall be in accordance with the procedures in the Health Services Manual.

15.  [<u>**INMATE ACCESS TO CERTAIN BUREAU PROGRAM STATEMENTS**</u>
**§ 513.43.  Inmates are encouraged to use the simple local access procedures described in this section to review certain Bureau Program Statements, rather than the FOIA procedures described in Sections 513.60 through 513.68 of this Subpart.**

**a.  For a current Bureau Program Statement containing rules (regulations published in the Federal Register and codified in 28 CFR), local access is available through the institution law library.**

**b.  For a current Bureau Program Statement not containing rules (regulations published in the Federal Register and codified in 28 CFR), inmates may request that it be placed in the institution law library.  Placement of a requested Program Statement in the law library is within the discretion of the Warden, based upon local institution conditions.**

**c.  Inmates are responsible for the costs of making personal copies of any Program Statements maintained in the institution law library.  For copies of Program Statements obtained under the FOIA procedures described in Sections 513.60 through 513.68 of this Subpart, fees will be calculated in accordance with 28 CFR 16.10.]**

28 CFR 513.60 through 513.68 refers to Sections 26 through 34 of this Program Statement.

16.  **[<u>FEES FOR COPIES OF INMATE CENTRAL FILE AND MEDICAL RECORDS</u> § 513.44.  Within a reasonable time after a request, Bureau staff are to provide an inmate personal copies of requested disclosable documents maintained in the Inmate Central File and Medical Record.  Fees for the copies are to be calculated in accordance with 28 CFR § 16.10.]**

No fee shall be charged for the following:

- the first 100 pages of duplication (or its cost equivalent),
- the first two hours of search time (or its cost equivalent), or
- charges which total $8.00 or less.

The duplication cost is calculated by multiplying the number of pages in excess of 100 by $0.10, the current rate set in 28 CFR 16.10.

The cost for search time is calculated by multiplying the number of quarter hours in excess of two hours by the following rates set in 28 CFR 16.10 for the staff conducting the search:

- $2.25 per quarter hour for clerical staff,
- $4.50 per quarter hour for professional staff, and
- $7.50 per quarter hour for managerial personnel.

Only fees in excess of $8.00 shall be assessed.  This means that the total cost must be greater than $8.00, either for the cost of the search (for time in excess of two hours), for the cost of

duplication (for pages in excess of 100 pages), or for both costs combined.

**Examples:**

**Example 1:**   If a request is made for information contained on 181 pages and clerical staff were able to locate the documents in less than two hours, the requester would be charged $8.10 ($0.10 per page x 81).

**Example 2:**   If it takes two hours and 30 minutes for clerical personnel to locate the same 181 pages, the requester would be charged a total of $12.60 (a duplication fee of $8.10 plus a $4.50 search fee for the two quarter hours of time in excess of two hours, at $2.25 per quarter hour).

Fees for searches shall only be assessed with the authorization of the Regional Counsel or the FOIA/PA Administrator in the Office of General Counsel.  Requesters shall pay fees by check or money order payable to the Treasury of the United States.  Fees shall be forwarded to the office assessing the fees.

PART THREE: **[PRIVACY ACT REQUESTS FOR INFORMATION]**

17.  **[PRIVACY ACT REQUESTS BY INMATES § 513.50.  Because inmate records are exempt from disclosure under the Privacy Act, (see 28 CFR 16.97) inmate requests for records under the Privacy Act will be processed in accordance with the FOIA.  See §§ 513.61 through 513.68.]**

28 CFR 513.61 through 513.68 refers to Sections 27 through 34 of this Program Statement.

18.  **PRIVACY ACT REQUESTS BY EMPLOYEES OR FORMER EMPLOYEES.**  An employee or former employee may make a written request for access to documents in his or her Personnel File and/or other documents concerning the requester which are not contained in the employee's personnel file but which are maintained in a Bureau system of records.  Such a request is processed pursuant to the applicable provisions of the Privacy Act, 5 U.S.C. § 552a, and the FOIA, 5 U.S.C. § 552.

■  A written request should be submitted to:

                Director
                Federal Bureau of Prisons
                320 First Street NW
                Washington DC  20534

PS 1351.05
9/19/2002
Page 22

- The requester shall clearly mark on the face of the letter and on the envelope **"PRIVACY ACT REQUEST,"** and shall clearly describe the record sought, including the approximate date covered by the record.

- An employee making such a request must provide identification data, as listed in 28 CFR 16.41, and may use a Certification of Identity Form (DOJ-361) or self-sworn declaration.

19.  **PRIVACY ACT REQUESTS ON BEHALF OF AN EMPLOYEE OR FORMER EMPLOYEE.**  A request for records concerning an employee or former employee made by an authorized representative of that employee or former employee may be made by writing to the address above. Such requests shall be processed pursuant to the provisions of the Privacy Act.

- The request must be clearly marked on the face of the letter and on the envelope **"PRIVACY ACT REQUEST,"** and must describe the record sought, including the approximate dates covered by the record.

- Verification of the identity of the individual whose records are sought is required.  See methods of verification listed in 28 CFR 16.41.

20.  **ACKNOWLEDGMENT OF PRIVACY ACT REQUESTS.**   Requests for records under the Privacy Act received by the FOIA/PA Administrator, Office of General Counsel, shall be reviewed and may be forwarded to the appropriate Regional Office for handling.

- Requests for records located at a Bureau institution other than the Central Office or a Regional Office shall be referred to the appropriate staff at that institution for proper handling.

- The requester shall be notified of the status of his or her request by the office with final responsibility for processing the request.

- Every effort shall be made to respond to the requester within the time limit set under the governing disclosure statute.

21.  **REVIEW OF DOCUMENTS FOR PRIVACY ACT REQUESTS.**  If a document is deemed to contain information exempt from disclosure, any non-exempt sections of the record shall be provided to the requester after deletion of the exempt portions.

PS 1351.05
9/19/2002
Page 23

22.  **LIMITATIONS ON EMPLOYEE RIGHT TO ACCESS UNDER THE PRIVACY ACT**.  Under Congressional authority granted to the Attorney General by 5 U.S.C. § 552a(j) and (k), certain systems of records listed at 28 CFR 16.97 and on Attachment C are exempt from access under the Privacy Act of 1974.

Bureau records are also subject to the FOIA exemptions from disclosure listed in 5 U.S.C. § 552(b).

23.  **DENIAL OF ACCESS AND NOTICE OF APPEAL RIGHTS**.  If a Privacy Act request for records is denied in whole or in part, a denial letter shall be issued and signed by the Director, or his or her designee, and shall state the basis for denial under 28 CFR 513.32.

- A requestor who has been denied such access shall be advised that he or she may appeal that decision to the U.S. Department of Justice, Office of Information and Privacy, (OIP) by filing a written appeal within 30 days of the receipt of the denial.

- The appeal shall be marked on the face of the letter and the envelope, **"PRIVACY APPEAL - DENIAL OF ACCESS,"** and shall be addressed to the:

        Office of Information and Privacy
        U.S. Department of Justice
        Suite 570, Flag Building
        Washington DC  20530

During the appeal, Bureau staff shall assist OIP staff in the review of contested Bureau documents necessary to resolve the appeal and/or litigation.  This review may be coordinated by FOIA/PA staff in the Office of General Counsel or Regional Counsel.

24.  **CORRECTION OF RECORDS**

   a.  **Inmate Requests for Correction**.  An inmate may submit a written request for correction of records through the Bureau's Administrative Remedy Program.

   b.  **Non-inmate Requests for Correction**.  A person other than an inmate may request correction of inaccurate, incomplete, or irrelevant information by writing to the Director of the Federal Bureau of Prisons.

- A request for correction must identify the particular record in question, state the correction sought, and set forth the justification for the correction.

● Both the request and the envelope must be clearly marked **"Privacy Act Correction Request."**

c. **Bureau Responses**

(1) **Requests to Correct Bureau Records**

(a)  Bureau staff may make or deny requests for correction of Bureau records pursuant to procedures contained in 28 CFR 16.50.  One basis for denial may be that the records are contained in a Bureau system of records that has been published in the Federal Register and exempted from the Privacy Act's provisions requiring amendment and correction.  Refer to 28 CFR 16.97 for further information.

**Inmate Central File Records.**  Unit staff shall take reasonable steps to ensure the accuracy of challenged information in the Inmate Central File, particularly when the challenged information can be verified.

● Reasonable steps include requiring specific action from the inmate, such as providing documents which support the challenge and/or the names of people to contact regarding the challenged information.

● Once Bureau staff make a determination that the challenged information is incorrect, appropriate notations on the record shall be made to ensure that staff do not use the discredited information to make decisions regarding the inmate.

● Special procedures have been developed when the challenged information involves a PSI Report.  See the Program Statement on Inmate Central File, Privacy Folder, and Parole Mini-Files for further information.

(b)  Any denial of a request for correction should contain a statement of the reason for denial and notice to the requester that the denial may be appealed to the U.S. Department of Justice, Office of Information and Privacy, by filing a written appeal within 30 days of the receipt of the denial.

The appeal shall be marked on the face of the letter and the envelope, **"PRIVACY APPEAL - DENIAL OF ACCESS,"** and shall be addressed to the OIP address cited in Section 23 above.

(2) **Requests to Correct Records Originated by Other Federal Agencies.**  Requests for correction of records prepared by other Federal agencies shall be forwarded to that agency for appropriate action and the requester shall be immediately notified of the referral in writing.

   (3) **Requests to Correct Records Originated by Non-Federal
Source.**  When the request is for correction of non-Federal
records, the requester shall be advised to write to that non-
Federal entity.

25.  **FEES FOR PRIVACY ACT REQUESTS.**  Fees for copies of records
disclosed under the Privacy Act, including fees for an employee's
own records, may be charged in accordance with 28 CFR 16.47.


PART FOUR: **[FREEDOM OF INFORMATION ACT REQUESTS FOR INFORMATION]**

26.  **[FREEDOM OF INFORMATION ACT REQUESTS § 513.60.  Requests for
any Bureau record (including Program Statements and Operations
Memoranda) ordinarily shall be processed pursuant to the Freedom
of Information Act, 5 U.S.C. 552.  Such a request must be made in
writing and addressed to the Director, Federal Bureau of Prisons,
320 First Street, NW., Washington, D.C.  20534.  The requester
shall clearly mark on the face of the letter and the envelope
"FREEDOM OF INFORMATION REQUEST," and shall clearly describe the
records sought.  See §§ 513.61 through 513.63 for additional
requirements.]**

28 CFR 513.61 through 63 refers to Sections 27 through 29 of this
Program Statement.

27.  **[FREEDOM OF INFORMATION ACT REQUESTS BY INMATES § 513.61**

   **a.  Inmates are encouraged to use the simple access procedures
described in § 513.40 to review disclosable records maintained in
his or her Inmate Central File.]**

   28 CFR 513.40 refers to Section 12 of this Program Statement.

   Similarly, inmates are encouraged to use the simple access
procedures described in Section 15 above to review certain Bureau
Program Statements that may be available locally at the
institution.

   **[b.  An inmate may make a request for access to documents in
his or her Inmate Central File or Medical File (including
documents which have been withheld from disclosure during the
inmate's review of his or her Inmate Central File pursuant to
§ 513.40) and/or other documents concerning the inmate which are
not contained in the Inmate Central File or Medical File.  Staff
shall process such a request pursuant to the applicable
provisions of the Freedom of Information Act, 5 U.S.C. 552.**

**c.  The inmate requester shall clearly mark on the face of the letter and on the envelope "FREEDOM OF INFORMATION ACT REQUEST", and shall clearly describe the records sought, including the approximate dates covered by the record.  An inmate making such a request must provide his or her full name, current address, date and place of birth.  In addition, if the inmate requests documents to be sent to a third party, the inmate must provide with the request an example of his or her signature, which must be verified and dated within three (3) months of the date of the request.]**

A request for "my records," "all my records," or similar wording shall be interpreted as a request for a copy of Inmate Central File records **and** Medical File records currently maintained at the inmate's institution of confinement or, in the case of former inmates, in the last institution of confinement.

Inmates are encouraged to provide Federal register numbers to assist in properly identifying requested records.

**28.  [<u>FREEDOM OF INFORMATION ACT REQUESTS BY FORMER INMATES</u> § 513.62.  Former federal inmates may request copies of their Bureau records by writing to the Director, Federal Bureau of Prisons, 320 First Street, NW., Washington, D.C.  20534.  Such requests shall be processed pursuant to the provisions of the Freedom of Information Act.  The request must be clearly marked on the face of the letter and on the envelope "FREEDOM OF INFORMATION ACT REQUEST", and must describe the record sought, including the approximate dates covered by the record.  A former inmate making such a request must provide his or her full name, current address, date and place of birth.  In addition, the requester must provide with the request an example of his or her signature, which must be either notarized or sworn under penalty of perjury, and dated within three (3) months of the date of the request.]**

Former inmates are encouraged to provide Federal register numbers to assist in properly identifying requested records.

**29.  [<u>FREEDOM OF INFORMATION ACT REQUESTS ON BEHALF OF AN INMATE OR FORMER INMATE</u> § 513.63.  A request for records concerning an inmate or former inmate made by an authorized representative of that inmate or former inmate will be treated as in § 513.61, on receipt of the inmate's or former inmate's written authorization. This authorization must be dated within three (3) months of the date of the request letter.  Identification data, as listed in 28 CFR 16.41, must be provided.]**

Requesters are encouraged to provide Federal register numbers to assist in properly identifying requested records.

30. **[ACKNOWLEDGMENT OF FREEDOM OF INFORMATION ACT REQUESTS**
§ 513.64

   a.  **All requests for records under the Freedom of Information
Act received by the FOIA/PA Administrator, Office of General
Counsel, will be reviewed and may be forwarded to the appropriate
Regional Office for proper handling.  Requests for records
located at a Bureau facility other than the Central Office or
Regional Office may be referred to the appropriate staff at that
facility for proper handling.**

   b.  **The requester shall be notified of the status of his or her
request by the office with final responsibility for processing
the request.]**

31. **[REVIEW OF DOCUMENTS FOR FREEDOM OF INFORMATION ACT REQUESTS**
§ 513.65.  **If a document is deemed to contain information exempt
from disclosure, any reasonably segregable portion of the record
shall be provided to the requester after deletion of the exempt
portions.  If documents, or portions of documents, in an Inmate
Central File have been determined to be nondisclosable by
institution staff but are later released by Regional or Central
Office staff pursuant to a request under this section,
appropriate instructions will be given to the institution to move
those documents, or portions, from the Inmate Privacy Folder into
the disclosable section of the Inmate Central File.]**

32. **[DENIALS AND APPEALS OF FREEDOM OF INFORMATION ACT REQUESTS**
§ 513.66.  **If a request made pursuant to the Freedom of
Information Act is denied in whole or in part, a denial letter
must be issued and signed by the Director or his or her designee,
and shall state the basis for denial under § 513.32.  The
requester who has been denied such access shall be advised that
he or she may appeal that decision to the Office of Information
and Privacy, U.S. Department of Justice, Suite 570, Flag
Building, Washington, D.C.  20530.  Both the envelope and the
letter of appeal itself should be clearly marked: "Freedom of
Information Act Appeal."]**

28 CFR 513.32 refers to Section 7 of this Program Statement.

During the appeal and any subsequent litigation, Bureau staff
shall assist DOJ staff, including OIP staff, in reviewing
contested Bureau documents necessary to resolve the appeal and/or
litigation.

33.   **[FEES FOR FREEDOM OF INFORMATION ACT REQUESTS § 513.67. Fees for copies of records disclosed under the FOIA, including fees for a requester's own records, may be charged in accordance with Department of Justice regulations contained in 28 CFR 16.10.]**

See further description of fees in Section 16 above.

34.   **[TIME LIMITS FOR RESPONSES TO FREEDOM OF INFORMATION ACT REQUESTS § 513.68.  Consistent with sound administrative practice and the provisions of 28 CFR 16.1, the Bureau strives to comply with the time limits set forth in the Freedom of Information Act.]**

Staff processing requests for release of information under the FOIA are expected to be familiar with the provisions of 28 CFR 16.1(d), as follows:

- A requester must be notified of the decision on his or her request within 10 days after its receipt (excluding Saturday, Sunday, and legal public holidays).  Conditions for extension of this time are discussed in 28 CFR 16.1(d).

- Generally, all FOIA requests shall be processed in the approximate order of receipt, unless the requester shows exceptional circumstances exist to justify an expedited response.  Examples of exceptional circumstances which might justify an expedited response include the following:

  - a threat to life or safety,

  - the loss of substantial due process rights, or

  - in cases of widespread and exceptional interest to the media, **and** upon approval of DOJ's Office of Public Affairs, possible questions about the Government's integrity which affect public confidence.

Because a decision to take a FOIA request out of order delays other requests, simple fairness demands that such a decision be made only upon careful scrutiny of truly exceptional circumstances.

  - Regional Counsel shall follow DOJ guidelines as to whether to expedite a particular request because it fits into one of the **first two** exceptions described above.

- Requests which are being considered for expedited processing because of the **last exception** described above shall first be sent through the FOIA/PA Administrator to the General Counsel for obtaining DOJ approval.

35.  **TRANSITION.**  Inmates must remove any copies of PSRs and SORs as listed in Section 12.a.(2)(d)(1) they currently possess no later than 45 days after the effective date of this PS.  Each inmate must inspect his or her personal property for photocopies of these documents and then dispose of them.

Inmates possessing these documents when this transition period expires will be subject to disciplinary action for possession of contraband.

Inmates may dispose of their PSRs and SORs by any of the following methods:

- Mailing the documents out of the institution to someone of the inmate's choosing;

- Destroying or discarding the PSRs or SORs themselves; or

- Delivering them to a staff member for destruction.


                              /s/
                              Kathleen Hawk Sawyer
                              Director

PS 1351.05
9/19/2002
Attachment A, Page 1

DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS

### EXEMPTIONS TO DISCLOSURE PROVIDED IN
### THE FREEDOM OF INFORMATION ACT

1.  The Freedom of Information Act (5 U.S.C. § 552) provides
generally for the disclosure of agency records.  Section 552(b)
exempts from mandatory disclosure matters that are -

   "(1) (A) specifically authorized under criteria established
by an Executive order to be kept secret in the interest of
national defense or foreign policy and (B) are in fact properly
classified pursuant to such Executive order;

   (2)  related solely to the internal personnel rules and
practices of an agency;

   (3)  specifically exempted from disclosure by statute (other
than section 552b of this title), provided that such statute (A)
requires that the matters be withheld from the public in such a
manner as to leave no discretion on the issue, or (B) establishes
particular criteria for withholding or refers to particular types
of matters to be withheld;

   (4)  trade secrets and commercial or financial information
obtained from a person and privileged or confidential;

   (5)  inter-agency or intra-agency memorandums or letters
which would not be available by law to a party other than an
agency in litigation with the agency;

   (6)  personnel and medical files and similar files the
disclosure of which would constitute a clearly unwarranted
invasion of personal privacy;

   (7)  records or information compiled for law enforcement
purposes, but only to the extent that the production of such law
enforcement records or information

      (A) could reasonably be expected to interfere with
enforcement proceedings,

      (B) would deprive a person of a right to a fair trial
or an impartial adjudication,

      (C) could reasonably be expected to constitute an
unwarranted invasion of personal privacy,

      (D) could reasonably be expected to disclose the
identity of a confidential source, including a State, local, or
foreign agency or authority or any private institution which

furnished information of a confidential basis, and, in the case
of a record or information compiled by a criminal law enforcement
authority in the course of a criminal investigation or by an
agency conducting a lawful national security intelligence
investigation, information furnished by a confidential source,

       (E) would disclose techniques and procedures for law
enforcement investigations or prosecutions, or would disclose
guidelines for law enforcement investigations or prosecutions if
such disclosure could reasonably be expected to risk
circumvention of the law, or

       (F) could reasonably be expected to endanger the life
or physical safety of any individual;

   (8)  contained in or related to examination, operating, or
condition reports prepared by, on behalf of, or for the use of an
agency responsible for the regulation or supervision of financial
institutions; or

   (9)  geological and geophysical information and data,
including maps, concerning wells.

2.  Any reasonably segregable portion of a record shall be
provided to any person requesting such record after deletion of
the portions which are exempt under this subsection."

3.  Under 5 U.S.C. § 551, Federal "agency records" are defined
**not** to include records of

   (1)  the Congress;

   (2)  the courts of the United States;

   (3)  the governments of the territories or possessions of
       the United States; or

   (4)  the government of the District of Columbia.

```
                                              PS 1351.05
                                              9/19/2002
                                   Attachment B, Page 1
```

DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS

### PUBLIC INFORMATION

**STAFF:**

        Name
        Position Title (past and present)
        Grade (past and present)
        Salary (past and present)
        Duty Station (past and present)
        Duty Station Address (past and present)

**INMATES:**

See list provided in the Program Statement on News Media Contacts
and the Public Information Officer's Handbook  (PIO Handbook).

**PUBLISHED SYSTEMS OF RECORDS**

| #: | NAME: | PUBLICATION DATE: |
|----|-------|-------------------|
| 001 | Custodial/Security Record System | 09/28/78 |
| 002 | FOIA Record System | 09/17/77 |
| 003 | Industrial Inmate Employment Record System | 09/28/78 |
| 004 | Inmate Administrative Remedy Record System | 09/28/78 |
| 005 | Inmate Central Records System | 06/07/84 |
| 006 | Inmate Commissary Accounts Record System | 09/17/77 |
| 007 | Inmate Physical/Mental Health Record System | 09/28/78 |
| 008 | Inmate Safety/Accident Compensation Record System | 09/28/78 |
| 009 | Federal Tort Claims Act Record System | 09/28/78 |
| 010 | Access Control Entry/Exit System | 10/04/95 |
| 011 | Telephone Activity Record System | 04/21/95 |
| 012 | Office of Internal Affairs Investigative Record System | 08/29/95 |
| 101 | NIC Technical Assistance Resource Persons Directory | 04/18/83 |
| 102 | NIC Field Readers List | 04/18/83 |

PS 1351.05
9/19/2002
Attachment D, Page 1

(Date)

Re: _____
Our Reg. No: _____
Docket No: _____

Dear _____,

Please advise us as to whether the attached document(s) prepared by your agency may be (1) disclosed to the above inmate and (2) used with respect to the inmate's parole hearing(s).

Disclosure of information contained in an inmate's prison files is governed by a variety of Federal laws, principally the Freedom of Information Act (5 U.S.C. § 552) and the Privacy Act (5 U.S.C. § 552a).  Guidelines for the implementation of these laws are given below.

### GUIDELINES FOR DISCLOSURE TO A FEDERAL PRISON INMATE

Upon an inmate's request, materials in that inmate's files will be disclosed to that inmate unless there is a legal exemption to such disclosure.  Typical examples of documents which may be withheld are those which, if disclosed, might -

  a. constitute a clearly unwarranted invasion of personal privacy;

  b. reveal sources of information obtained upon a legitimate expectation of confidentiality or otherwise endanger the life or physical safety of any person;

  c. lead to a serious disruption of the subject inmate's institutional program, due to the diagnostic or evaluative opinions contained in the document, and which could likely affect the inmate's clearly documented adjustment difficulties;

  d. interfere with ongoing law enforcement proceedings, including administrative investigations; or

  e. enable the requestor to violate any law or threaten the security of a Federal Bureau of Prisons institution through disclosure of law enforcement techniques or procedures.

PS 1351.05
9/19/2002
Attachment D, Page 2

**GUIDELINES FOR DISCLOSURE FOR USE AT THE INMATE'S PAROLE HEARING**

A Federal prison inmate must be provided reasonable access to reports or documents to be used by the Parole Commission in making its parole release determination.  The Commission, of course, wants to use all the information in the documents you prepare.  If you determine that some information may not be disclosed, in accordance with the guidelines listed above, you must prepare a summary of excluded information if it is to be used by the Parole Commission.  This summary, as well as the disclosable portions of the document, will then be available to the inmate, **and the Commission thereby be permitted to review the entire document**.  The summary need only be phrased in general terms to enable the inmate to respond to the essential allegations made in excluded material.  It should not reveal specific information which might compromise a legitimate need for confidentiality.

**OPTIONS FOR DISCLOSURE OF INFORMATION**

There are three options which exist under Federal law with respect to disclosure to the inmate and to the U.S. Parole Commission of the information prepared by your agency.

**Option 1** - You may authorize complete disclosure of the document.  The document is available for inmate review and copying.  Court disclosure instructions, if any, will be followed.

**Option 2** - You may recommend exclusion of a portion or all of the document from disclosure.  Please identify the part(s) of the document you consider exempt form disclosure and prepare an adequate summary of the excluded material.  The Federal Bureau of Prisons will review the reasons given in accordance with the guidelines listed in this letter.  If at least one of the guidelines is met, both the summary and the <u>disclosable</u> portion of the document, if any, will be available to the inmate.  If the Federal Bureau of Prisons determines the document to be entirely disclosable, the document will be returned to you, and no copy will be retained by the Federal Bureau of Prisons or for release to the U.S. Parole Commission or to the inmate.

**Option 3** - You may refuse to authorize disclosure of the document, or a summary in any form to the inmate.  If this option is selected, please provide a memorandum detailing reasons for non-disclosure.  The Federal Bureau of Prisons will review the reasons given in accordance with Bureau policy and the guidelines listed in this letter.  If at least one of the guidelines is met, the document will be placed in the Inmate Privacy Folder and will not be available for release either to the inmate or to the U.S.

PS 1351.05
9/19/2002
Attachment D, Page 3

Parole Commission.  If the Federal Bureau of Prisons considers
the document disclosable, the document will be returned to you,
and no copy will be retained for use by the Federal Bureau of
Prisons.  Please consider carefully before choosing this option.

We appreciate your review of the attached documents with respect
to their disclosure.  We have enclosed a form for your response.
Thank you for you cooperation.

Sincerely,

Warden

Attachments

PS 1351.05
9/19/2002
Attachment D, Page 4

(Date)
To:   Warden:_____
        Institution:_____

FROM: (Authorized Agency Representative)
        (Agency)

SUBJECT: Disclosure of Information to Federal Inmate and to
        U.S. Parole Commission

This replies to your (date) letter in which you forward to us,
and ask that we review, certain document(s) prepared by our
agency to determine whether the document(s) may be disclosed to
the Federal inmate involved and the U.S. Parole Commission.

**Document(s):**

The following action may be taken with respect to these
documents:

____ 1. Complete disclosure of the document(s) is (are)
authorized.

        The document may be made available for inmate review and
        copying.

____ 2. The following portion(s) of the document(s) is (are) to be
        excluded on the basis that if disclosed, it might -

            ____ constitute a clearly unwarranted invasion of
                 personal privacy;

            ____ reveal sources of information obtained under a
                 legitimate expectation of confidentiality or
                 otherwise endanger the life or physical safety of
                 any person;

            ____ lead to a serious disruption of the subject
                 inmate's institutional program, due to the
                 diagnostic or evaluative opinions contained in the
                 document, and which it could likely affect the
                 inmate's clearly documented adjustment
                 difficulties;

            ____ interfere with ongoing law enforcement
                 proceedings, including administrative
                 investigations; or

PS 1351.05
9/19/2002
Attachment D, Page 5

_____ enable the requester to violate any law or
threaten the security of a Federal Bureau of
Prisons institution through disclosure of law
enforcement techniques or procedures.

_____ Other: _(specify)_____
A summary of the excluded material is attached.

_____ 3. Neither the document nor a summary of the document is to
be disclosed in any form to the inmate.